IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALEXANDER BRINSON, #146986, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:11-CV-386-TMH |
| | ) [WO] |
| | ) |
| DR. DARBOUZE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This civil action is before the court on a 42 U.S.C. § 1983 complaint filed by Alexander Brinson ["Brinson"], a state inmate and frequent federal litigant. In the present complaint, Brinson complains health care personnel at the Easterling Correctional Facility have denied him adequate medical and dental treatment. *Plaintiff's Complaint - Court Doc. No. 1* at 3; *Plaintiff's Amendment to the Complaint - Court Doc. No. 16.* As support for this claim, Brinson alleges from November of 2009 until the filing of this cause of action Dr. Dabouze and nurse Kay Wilson refused him "adequate medical attention for [headaches and back pain caused by what he has self-diagnosed as a] brain tumor and spinal cord injury." *Plaintiff's Complaint - Court Doc. No. 1* at 3.[1] In addition, Brinson complains Dr. West "fail[ed] to provide ... adequate dental treatment [for a] rotten tooth

---

[1]Brinson presents no objective evidence in support of his claims regarding the presence of a brain tumor and/or spinal cord injury; rather, the medical records contained in the plaintiff's amendments to the complaint disprove both his specious, self-serving diagnoses identifying these alleged conditions and the concomitant assertions regarding the denial of adequate medical treatment. In sum, these records contain no diagnosis from any medical professional of either a brain tumor or spinal cord injury and further indicate Brinson merely suffers from headaches and back pain for which he consistently receives treatment.

and abcess on [his] gum." *Id*. Finally, Brinson alleges Dr. Darbouze "fail[ed] to give [him] adequate medical attention for a[] broken right rib..." in July of 2010. *Plaintiff's Amendment to the Complaint - Court Doc. No. 16.*[2]

## II.  DISCUSSION

Upon initiation of this case, Brinson filed a motion for leave to proceed *in forma pauperis* pursuant to the provisions of 28 U.S.C. § 1915(a). *Application to Proceed Without Prepayment of Fees - Court Doc. No. 2*. However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* and requires payment of the requisite filing fee upon initiation of the suit if the inmate "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious danger of serious physical injury."[3] The records of this court establish Brinson, while incarcerated or detained, has on at least four occasions had civil actions dismissed as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants immune from suit pursuant to the provisions of 28 U.S.C.

---

[2] Again, the medical records demonstrate Brinson received treatment for both his rib injury and dental problems as deemed appropriate by the attending health care professional.

[3] In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216, 127 S.Ct. at 921.

§ 1915. The actions on which this court relies in finding a § 1915(g) violation are: (1) *Brinson v. Frith, et al.*, Case No. 2:97-CV-1022-WHA-JLC (M.D. Ala. 1997), (2) *Brinson v. Nix, et al.*, Case No. 2:97-CV-906-WHA-JLC (M.D. Ala. 1997), (3) *Brinson v. Jones, et al.*, Case No. 2:95-CV-1548-ID-JLC (M.D. Ala. 1996), and (4) *Brinson v. Jones, et al.*, Civil Action No. 2:95-CV-1547-MHT-JLC (M.D. Ala. 1996).[4]

In the complaint now before the court for review, Brinson challenges the constitutionality of medical and dental treatment provided to him at the Easterling Correctional Facility since November 1, 2009. The medical records adopted by Brinson as amendments to his complaint do not support his allegations and, in actuality, disprove the claims raised in the complaint. *Plaintiff's Amendment to the Complaint - Court Doc. No. 15-1 through Court Doc. No. 15-10*; *Plaintiff's Amendment to the Complaint - Court Doc. No. 21.* Specifically, these records reveal health care personnel reviewed the numerous requests for medical evaluation submitted by Brinson regarding his myriad of physical complaints, evaluated his conditions, ordered various tests, referred Brinson for X-rays of his injured rib, performed physical examinations when necessary and rendered treatment, including provision of various medications for his headaches, back pain and rib injury, in accordance with their professional judgment. *Plaintiff's Amendment to the Complaint - Court Doc. No. 15-1 through Court Doc. No. 15-10*.

The records delineating the dental treatment provided to Brinson demonstrate he complained of pain in the area of tooth number seventeen on November 17, 2009. *Plaintiff's Amendment to the*

---

[4] The requisite dismissals are indicated on the docket sheets maintained by this court in the referenced cases.

*Complaint - Court Doc. No. 21* at 1. Dr. West examined Brinson and ordered an X-ray of the identified area. *Id*. The X-ray revealed an "impacted tooth" and Dr. West removed the tooth "with difficulty." *Id*. Dr. West cleansed the area, placed "socket paste on gelfoam in [the] socket[,]" sutured the extraction site, prescribed medication for pain and swelling associated with the procedure, and advised Brinson to seek additional treatment "as needed." *Id*. Brinson again reported for dental treatment on December 15, 2009 complaining of gum pain at which time Dr. West noted "a small piece of bone" in the area of the extraction site, ordered continuation of Brinson's medications and advised Brinson the bone "will work its way out with time." *Id*. Brinson returned to the dental clinic on January 26, 2010 and advised Dr. West "that piece of bone came out a day or two ago. My teeth hurt.... [I just] want[] pain meds." *Id*. Dr. West noted the medical doctor "has ordered pain [medications] for medical problems." *Id*. Dr. West ordered X-rays to aid in his assessment of Brinson's complaint and the X-rays indicated "no dental problems ...; no pain meds given." *Id.*

After being a no-show for dental clinic on May 6, 2010, Brinson reported to the clinic on May 12, 2010 complaining his "teeth are sensitive to cold water & air." *Id*. at 2. Dr. West ordered X-rays which indicated "possible exposed roots [but] no ext[raction] indicated." *Id*. Dr. West provided a tooth pack and pain medication to Brinson. *Id*. On December 7, 2010, approximately seven months later, Brinson returned to the dental clinic for treatment of a knot on his gum in the area of teeth numbers seven and eight. *Id*. Dr. West examined Brinson, determined no treatment was necessary at that time and prescribed medication. *Id*. On January 18, 2011, Brinson again reported to the dental clinic regarding the knot on his gum. Dr. West ordered an X-ray which

revealed an "abscess ... between 7 & 8." *Id*. Dr. West again provided medication to Brinson.

The medical records contained in the amendments to the complaint demonstrate Brinson retains the right to request medical and/or dental treatment at any time during his incarceration and it is clear he routinely seeks and receives treatment for his complaints. It is likewise clear Brinson has unimpeded access to medical/dental personnel at the Easterling Correctional Facility. However, the course of medical/dental treatment undertaken is not governed by Brinson's mere request or desire for treatment but is instead provided based on the assessment of his condition by the attending health care professional.

After thorough review of the complaint and the medical records contained in the amendments to the complaint, it is clear the claims now before this court do not entitle Brinson to circumvent the directives of § 1915(g) because the complaint fails to establish an "imminent danger of serious physical injury" to Brinson at the time he filed this cause of action as is required to meet the exception allowing circumvention of the directives contained in 28 U.S.C.§ 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (a prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present "imminent danger of serious physical injury" to evade application of the "three strikes" provision of 28 U.S.C. § 1915(g)); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (The imminent danger exception is available only "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury....'").

Based on the foregoing, the court concludes that Brinson's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as Brinson failed to pay

the requisite filing fee upon initiation of this case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he ***initiates*** the suit.").

### III.  CONCLUSION

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Alexander Brinson (Court Doc. No. 2) be and is hereby DENIED.  Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that on or before July 19, 2011 the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues addressed in the Recommendation and shall bar the party from attacking on appeal the factual findings contained in the Recommendation accepted or adopted by the District Court except upon

grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 29th day of June, 2011.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE